Lloyd POWELL *v.* SEARS, ROEBUCK AND CO.

CA 79-286                                     598 S.W. 2d 449

Court of Appeals of Arkansas
Opinion delivered April 23, 1980
Released for publication May 14, 1980

*James C. Cole,* for appellant.

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellee.

GEORGE HOWARD, JR. Judge. This is an appeal from a jury's verdict in behalf of appellee in appellant's personal injury action.

The only issue tendered for resolution is whether the trial court erred in permitting defense counsel, during his closing argument, to use and display to the jury blown-up portions of the trial court's instructions without being required to enlarge all of the instructions.

Appellant argues that use of the blown-up portions of the instructions was prejudicial to the plaintiff since the remaining portions of the instructions were not emphasized

to the same degree. Hence, plaintiff was deprived of a fair trial.

We fail to perceive how appellant has been prejudiced. Nor has appellant demonstrated any prejudicial effects. Appellant, during his two appearances before the jury during closing argument, was afforded the same opportunity to emphasize any portion of the instructions.

The essence of closing argument is to afford counsel the opportunity to focus attention on those factual matters, developed during trial, as well as the instructions that tend to support counsel's theory of the case. This is, indeed, the most propitious moment for counsel to stress those things that he wants the jury to see and hear.

We are not persuaded that the use of blown-up portions of jury instructions would mislead a jury as to its duty to consider all of the court's instructions while deliberating on its verdict.

It is well settled that a trial court has considerable discretion in permitting the use of visual aids during the course of a trial. We are unable to say that the trial court, in the instant case, abused its discretion in permitting appellee's counsel to use and display blown-up portions of the jury instructions. If there is any error, it is harmless indeed.

Needless to say, counsel for appellant could have made inquiry, during pre-trial, of opposing counsel whether the use of demonstrative evidence or visual aids was contemplated during the course of the trial. Of course, this would tend to minimize, if not completely avoid, any surprise during trial.

Affirmed.